**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 15-4172**

————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLARENCE THOMPSON,

                    Defendant - Appellant.

————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:14-cr-00049-IMK-JSK-1)

————————

Submitted: October 27, 2015          Decided: November 12, 2015

————————

Before SHEDD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia; Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia; David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Thompson pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Thompson to 70 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Thompson's sentence is reasonable. Thompson filed a supplemental pro se brief, arguing that his criminal history category was miscalculated. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within

2

the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In this case, the record establishes that Thompson's sentence is procedurally and substantively reasonable. Though Thompson contends that one of his prior convictions was erroneously assessed six criminal history points, the record reveals that the challenged conviction was, in fact, properly assessed three points.

We also reject the argument that Thompson's sentence is substantively unreasonable because the district court could have departed from the Guidelines to account for the time he served in state custody. We do not "review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." Louthian, 756 F.3d at 306. The record makes clear that the district court knew it could depart, but chose not to, a decision wholly within its discretion. Finally, the court did not abuse its discretion in declining to vary downward from the Guidelines range.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Thompson's conviction and sentence.

3

This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED